UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-cr-123 |
| v. | ) | |
| | ) | |
| TERRY L. SHARKEY, | ) | Judge Reeves |
| Defendant. | ) | |
| | ) | |

## FACTUAL BASIS

Pursuant to Federal Rule of Criminal Procedure 11(b)(3), the United States offers the following factual basis in support of Defendant Terry L. Sharkey's guilty plea to the charges listed in the indictment (Doc. 4). These facts are submitted for purposes of Defendant's guilty plea and do not necessarily constitute all of the facts in the case. The United States reserves the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On April 3, 2014, Defendant was convicted of four federal Class B misdemeanors following a bench trial in front of United States Magistrate Judge C. Clifford Shirley, Jr.: (1) occupying a campsite for more than fourteen days, in violation of 36 C.F.R. § 261.8(a); (2) failing to dispose of garbage, in violation of 36 C.F.R. § 261.11(d); (3) camping within 300 feet of the Skyway, in violation of 36 C.F.R. § 261.58(e); and (4) residing on National Forest System Lands without authorization, in violation of 36 C.F.R. § 261.10(b). Defendant was sentenced to time served, which had been about six days, and was warned to stay out of the Cherokee National Forest.

Less than two weeks later—on April 14, 2014—members of a helicopter crew that was responding to a fire in the Cherokee National Forest saw a campsite on Gravel Stand Mountain,

near where Defendant had previously been caught unlawfully camping. The camp contained a blue dome tent—the same type of tent that Defendant had previously used—a red Rebel flag, and what appeared to be a bath tub made of rock.

On April 21, 2014, United States Forest Service (USFS) Law Enforcement Officer Shawn Reece observed Defendant using a trail to Gravel Stand Mountain that was located in the vicinity of the campsite that had been observed by the helicopter crew. Officer Reece knew Defendant because Officer Reece was the officer who had previously arrested Defendant for the Class B misdemeanor offenses.

On September 14, 2014, Officer Reece hiked the same trail that he had seen Defendant using on April 21, 2014. Officer Reece located a trail that had been recently blazed and a clearing approximately 0.75 acres in size. In the middle of the clearing, he observed a blue dome tent which was identical to the tent that Defendant had previously used and which matched the description of the tent that had been observed by the helicopter crew on April 14, 2014. On one side of the tent was a partially built three-room log cabin approximately forty feet by thirty feet in size. Near the tent and the partially built log cabin was what appeared to be a food garden; two sticks holding upside down sweet-corn packets appeared to designate the items that were being grown. Also inside the clearing was a water basin, approximately two feet by four feet in size, which had been created by placing rocks around a spring head. The outer edge of the clearing contained several stumps of oak and poplar trees ranging in size from six to ten inches in width. The partially built log cabin was constructed of oak and poplar logs of similar size. Officer Reece took several pictures of the site.

On September 21, 2014, Officer Reece returned to the clearing and campsite. From a distance, Officer Reece observed Defendant, wearing a red shirt and blue baseball cap, notching logs with an axe at the partially constructed log cabin inside the clearing.

On September 22, 2014, Officer Reece and USFS Criminal Investigator Shawn Ready went back to the clearing and campsite. Upon arriving, they observed and video recorded Defendant, wearing a red shirt and blue baseball cap, notching logs with an axe in an apparent attempt to construct a structure. Near Defendant, they observed a nearly completed log cabin; four walls were fully constructed, but the cabin was missing a roof. Adjacent to that nearly completed log cabin was a second structure, which appeared to be either an addition to the log cabin or a second log cabin. The logs which Defendant was notching were being used to construct that second structure. The blue dome tent and a red Rebel flag were also still in the clearing. Around the clearing, the officers observed several oak and poplar trees that had been cut. The wood in the log cabin appeared to match the oak and poplar stumps.

On September 24, 2014, a USFS intelligence analyst performed a Geographic Information System (GIS) property search of the coordinates of the clearing in which Defendant had been observed constructing the log cabin. That GIS search confirmed that the cabin was located on United States Government property—*i.e.*, the Cherokee National Forest—inside the Eastern District of Tennessee.

On September 26, 2014, law enforcement officers arrested Defendant at his campsite, took pictures of the area, and inventoried Defendant's items. A USFS silviculturalist and timber sales administrator went to the area to assess the damage done to the trees in the forest. They discovered that a total of 113 trees were cut down and used to construct the log cabin. After

further investigation, the silviculturalist and timber sales administrator estimated it would cost at least $5,764.95 to restore trees that Defendant had cut and damaged while building the log cabin.

On September 29, 2014 a USFS hydrologist conducted an assessment of the damage done to the creek from which Defendant had created the rock bath tub. She estimated that it would cost at least $1,900 to restore the creek bed. Neither the silviculturalist's estimate nor the hydrologist's estimate included a calculation of the aesthetic, cultural, and wildlife damage caused by Defendant's activities.

        Respectfully submitted,

        William C. Killian
        United States Attorney

By:   *s/ Luke A. McLaurin*
        Luke A. McLaurin
        Assistant United States Attorney

4

Case 3:14-cr-00123-PLR-HBG   Document 9   Filed 10/27/14   Page 4 of 5   PageID #: 27

## CERTIFICATE OF SERVICE

I certify that, on October 27, 2014, the foregoing factual basis was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and those parties may access this response through the Court's electronic filing system. Additionally, a true copy will be personally served on Defendant in open court on the date of this filing.

*s/ Luke A. McLaurin*
Luke A. McLaurin
Assistant United States Attorney
